OPINION
Plaintiffs-appellants James and Gail Pillo appeal from the June 5, 2000, Judgment Entry of the Stark County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
On June 15, 1999, appellant James Pillo was seriously injured when the motorcycle he was operating was struck by an automobile operated by Leonard Stricklin. Subsequently, on March 8, 2000, appellant James Pillo and his wife, appellant Gail Pillo, filed a complaint against Leonard Stricklin and appellee American States Preferred Insurance Company in the Stark County Court of Common Pleas. Appellants, in part, sought a declaration from the trial court that they were entitled to uninsured/underinsured motorist coverage under a homeowner's policy that had been issued to appellants by appellee prior to the accident. Appellants are both named insureds under such policy. While appellant James Pillo's medical expenses exceeded $125,000.00, Stricklin's liability insurance limits were $50,000.00. Thus, there is no dispute that Stricklin is underinsured. Thereafter, appellee, with leave of court, filed an answer and counterclaim for declaratory judgment on April 3, 2000. Appellee, in its counterclaim, requested the trial court to determine that the homeowner's policy issued to appellants is not an "automobile liability or motor vehicle liability policy of insurance" as defined in R.C. 3937.18(L). A reply to appellee's counterclaim was filed by appellants on April 12, 2000. On April 27, appellants, with leave of court, filed an amended complaint adding Transcontinental Insurance Company and Continental Insurance Company as defendants in order to raise claims for additional uninsured/underinsured motorist benefits. On the same date, appellee filed a Motion for Summary Judgment, arguing that the homeowner's policy issued by appellee to appellants is not an "automobile liability or motor vehicle liability policy of insurance" as defined in R.C. 3937.18. Subsequently, appellants, on May 8, 2000, filed a response to appellee's motion as well as a Cross Motion for Summary Judgment. Appellants, in their cross motion, argued that the homeowner's policy issued by appellee was an automobile liability policy pursuant to R.C.3937.18(L)(2) and that, therefore, appellee statutorily was required to offer uninsured/underinsured motorist benefits to appellants unless there was an express waiver. Appellants further contended that since appellee failed to offer such benefits and since there was no express waiver, uninsured/underinsured coverage was implied by law. Appellee, on May 9, 2000, filed an answer to appellants' amended complaint and a counterclaim for declaratory judgment. Six days later, appellee filed a reply to appellants' response to appellee's Motion for Summary Judgment and a memorandum contra appellants' Motion for Summary Judgment. Thereafter, the trial court, pursuant to a Judgment Entry filed on June 5, 2000, granted appellee's Motion for Summary Judgment while denying that filed by appellants. The trial court, in its entry, specifically found that the policy issued by appellee to appellants was "a homeowner's policy for a term of one year, not an automobile or motor vehicle liability policy of insurance." The trial court further stated that its order was a final appealable order and that there was no just cause for delay. It is from the trial court's June 5, 2000, Judgment Entry that appellants now prosecute their appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DENYING APPELLANTS' CROSS MOTION FOR SUMMARY JUDGMENT BASED UPON ITS FINDING THAT THE AMERICAN STATES INSURANCE POLICY WAS NOT AN AUTOMOBILE INSURANCE POLICY.
 STANDARD OF REVIEW
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. Civ.R. 56(C) states in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1966), 75 Ohio St.3d 280. It is based upon this standard we review appellants' sole assignment of error. I Appellants, in their sole assignment of error, argue that the trial court erred in granting the Motion for Summary Judgment filed by appellee while denying that filed by appellants. Appellants specifically contend that the homeowner's insurance policy issued by appellee to appellants qualifies as a motor vehicle liability policy and that, since appellee failed to offer uninsured/underinsured motorist coverage to appellants when it issued such policy, appellants are entitled to such coverage by operation of law. As is stated above, appellants James and Gail Pillo are insureds under a homeowner's insurance policy (Policy No. PH-34-049505-3) issued by appellee American States Preferred Insurance Company. The insurance policy, which provides for an aggregate liability limit of $300,000.00 per occurrence, was issued for a term commencing on January 12, 1999, through January 12, 2000. The insurance policy states, in relevant part, as follows:
 Section II — LIABILITY COVERAGES COVERAGE E — Personal Liability
If a claim is made or a suit is brought against an "insured" for damages because of "personal injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
 1. pay up to our limit of liability for the damages for which the "insured" is legally liable. Damages include prejudgment interest awarded against the "insured"; and 2. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability.
 SECTION II — EXCLUSIONS 1. Coverage E — Personal Liability and Coverage F — Medical Payments to Others do not apply to "bodily injury" or "property damage".: * * * f. arising out of: (1) the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an "insured"; (2) the entrustment by an "insured" of a motor vehicle or any other motorized land conveyance to any person; or (3) statutorily imposed vicarious personal liability for the actions of a child or minor using a conveyance excluded in paragraphs (1) or (2) above. This exclusion does not apply to: (1) a trailer not towed by or carried on a motorized land conveyance. (2) a motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and: (a) not owned by an "insured"; or (b) owned by an "insured" and on an "insured location"; (3) a motorized golf cart when used to play golf on a golf course; or (4) a vehicle or conveyance not subject to motor vehicle registration which is: (a) used to service an "insured's" residence; (b) designed for assisting the handicapped; or (c) in dead storage on an "insured location".
At issue in this matter is whether the trial court erred in determining that the above homeowner's policy is not an automobile liability or motor vehicle liability policy of insurance as defined in R.C. 3937.18. The relevant version of R.C. 3937.18 provides, in pertinent part, as follows: (A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are offered to persons insured under the policy for loss due to bodily injury or death suffered by such insureds:
(1) Uninsured motorist coverage. . .
(2) Underinsured motorist coverage. . .
 (L) As used in this section, "automobile liability or motor vehicle liability policy of insurance" means either of the following: (1) Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by division (K) of section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance; (2) Any umbrella liability policy of insurance.
Appellants do not argue that the homeowner's policy issued to them by appellee is a "policy of insurance that serves as proof of financial responsibility." See R.C. 3937.18(L)(1). Rather, appellants contend that the homeowner's policy qualifies as an umbrella policy of insurance under R.C. 3937.18(L)(2). An umbrella policy is defined as a policy which "provides excess coverage beyond an insured's primary policies." Midwestern Indemn. Co. v. Craig (1995), 106 Ohio App.3d 158, 164. See also Cleveland Builders Supply Co. v. Farmers Ins. Group of Cos. (1995),102 Ohio App.3d 708 . Umbrella policies are different from standard excess insurance policies in that they are meant to fill gaps in coverage both vertically (by providing excess coverage) and horizontally (by providing primary coverage). American Special Risk Ins. Co. v. A-Best Products, Inc. (1997), 975 F. Supp. 1019, 1022. "The vertical coverage provides additional coverage above the limits of the insured's underlying primary insurance, whereas the horizontal coverage is said to "drop down" to provide primary coverage for situations where the underlying insurance provides no coverage at all." Id. In the case sub judice, the homeowner's insurance policy issued by appellee to appellants clearly does not qualify as an umbrella policy. As appellee notes in its brief, there is no underlying policy of insurance issued to appellants. Rather, the homeowner's policy issued by appellee is the primary policy of insurance and provides no excess or umbrella coverage. Moreover, as appellee further notes, there is no language in the subject homeowner's policy indicating that such policy provides horizontal coverage that "drops down" to provide primary coverage in the event that an underlying policy issued to appellants does not provide coverage. Appellants cite several cases in which this Court, relying on Selander v. Erie Ins. Group (1999), 85 Ohio St.3d 541, found homeowner's policies containing similar language as the policy in the case sub judice to be automobile liability policies. See, for example, Willis v. Lightning Rod Mut. Ins. Co. (Sept. 27, 1999), Fairfield Case No. 99 CA 14, unreported. However, such cases applied a version of R.C. 3937.18 predating the enactment of House Bill 261, which became effective on September 3, 1997. House Bill 261 amended R.C. 3937.18 to include subsection (L) cited above. Prior to such time, there was no language in R.C. 3937.18 defining "automobile liability or motor vehicle liability policy of insurance." Thus, the cases cited by appellants are not applicable to the case sub judice. Accordingly, based on the foregoing, we find that the trial court did not err in granting appellee's Motion for Summary Judgment while overruling that filed by appellants. Appellants' sole assignment of error is, therefore, overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J. Farmer, P.J. and Reader, V.J. concur